IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JONATHAN GUYTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 323-054 |
| | ) | |
| TYRONE OLIVER, Commissioner, | ) | |
| Georgia Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Petitioner, an inmate at Jenkins Correctional Center in Millen, Georgia, brings the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and moves for appointment of counsel. (Doc. no. 8.) Petitioner also moves to exceed the page limit for briefing and requests an extension of time to file his brief of law in support of his § 2254 petition. (Doc. nos. 10-12.)

**I.     MOTION FOR APPOINTMENT OF COUNSEL**

According to Petitioner, he is unable to afford counsel, has limited access to legal materials and state court records, his case is complex, and counsel would be better equipped to conduct discovery. (Doc. no. 8.) There is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985).  Under 18 U.S.C. §

3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2254, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979).[1] Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012) (*per curiam*). In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," there is no federal constitutional right to appointed counsel. Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 191 (2017 ed.) (citations omitted).

The Court does not find any exceptional circumstances justifying the appointment of counsel. See McCall, 495 F. App'x at 31. Petitioner has had no problem communicating with the Court, as evidenced by his detailed petition and motions. (See, e.g., doc. nos. 1, 2-3, 8-12.) Accordingly, the motion for appointment of counsel is **DENIED**. (Doc. no. 8.)

## II.     MOTIONS TO EXCEED PAGE LIMIT

Petitioner also seeks permission for leave to request an extension of the twenty-six pages allowed by Local Rule 7.1(a) for his brief of law. (Doc. no. 10.) Petitioner filed a separate motion requesting an extension of 100 pages. (Doc. no. 11.) In support of this request, Petitioner notes that his § 2254 petition cites over sixteen grounds for relief. (Id.)

Upon consideration, the Court **GRANTS** Petitioner's motion for leave, (doc. no. 10), and **GRANTS IN PART** Petitioner's request to exceed the page limit, (doc. no. 11). The Court grants an extension of only ten pages in excess of the twenty-six pages allowed.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior the close of business on September 30, 1981.

Petitioner's brief shall not exceed thirty-six typewritten pages, double-spaced on letter-sized paper.

### III. MOTION FOR EXTENSION OF TIME

Lastly, Petitioner requests a fourteen-day extension of time to file his brief of law in support of his § 2254 petition. Upon consideration, the Court's **GRANTS** the motion. (Doc. no. 12.) Petitioner shall have through and including October 13, 2023, to file his brief or any other response to Respondent's Answer.

SO ORDERED this 29th day of September, 2023, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA