IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

JONATHAN GUYTON,                          )
                                          )
              Petitioner,                 )
                                          )
      v.                                  )          CV 323-054
                                          )
TYRONE OLIVER, Commissioner,              )
Georgia Department of Corrections,        )
                                          )
              Respondent.                 )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Petitioner, an inmate at Jenkins Correctional Facility in Millen, Georgia, brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and moves for appointment of counsel.  Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DENIED**, his motion for appointment of counsel be **DENIED**, (doc. no. 17), his motion for release from custody be **DENIED**, (doc. no. 9), this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

I.     **MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner again moves for appointment of counsel.  (See doc. nos. 8, 17.)  According to Petitioner, he is unable to afford counsel and he seeks assistance of counsel to conduct discovery and investigate his case.  (Doc. no. 17.)

There is no automatic constitutional right to counsel in habeas proceedings.  See

Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985).  Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2254, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979).[1]  Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances." McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012) (*per curiam*).  In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," there is no federal constitutional right to appointed counsel.  Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 191 (2017 ed.) (citations omitted).

The Court does not find any exceptional circumstances justifying the appointment of counsel.  See McCall, 495 F. App'x at 31.  Petitioner has had no problem communicating with the Court, as evidenced by his detailed petition and other filings.  (See, e.g., doc. nos. 1, 2, 8-12, 16-18, 21.)  Accordingly, the Court **RECOMMENDS** Petitioner's motion for appointment of counsel be **DENIED**.  (Doc. no. 17.)

## II.    BACKGROUND

A Dodge County grand jury indicted Petitioner on charges of kidnapping, false imprisonment, stalking, and battery.  (Doc. no. 14-9, pp. 97-100.)[2]  After a jury trial in June

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior the close of business on September 30, 1981.

[2] For ease of reference, the Court cites to the page numbers generated on CM/ECF.

2016, Petitioner was convicted of kidnapping and false imprisonment and was found not guilty of stalking and battery.  (Doc. no. 14-10, pp. 40-41.)  The trial court sentenced Petitioner as a first offender to a twenty-year sentence for kidnapping and a concurrent ten-year sentence for false imprisonment.  (Id. at 36-37.)  Retained attorney Sam Hart represented Petitioner at trial. (Id. at 37.)

Retained attorney J. Scott Key represented Petitioner post-conviction during most of the motion for new trial phase.  (Doc. no. 14-10, p. 60.)  After a hearing on the thrice-amended motion for new trial, (doc. no. 14-10, pp. 52-53, 65-75, 81-82, 87-100; doc. no. 14-11, pp. 1-24), and in an order dated April 13, 2018, the trial court denied the motion for new trial in all respects, (doc. no. 14-10, p. 86).  Petitioner then filed a direct appeal *pro se*, raising nine enumerations of error:

(1)     The evidence was insufficient at trial to support a conviction for kidnapping, by the State's failure to prove the element of asportation beyond a reasonable doubt;

(2)     Trial counsel was ineffective in failing to properly advise [Petitioner] of the correct—proper—terms and conditions of the State's plea offer by saying he'd informed [Petitioner] to being subjected to a sentence range of (10) years that, "could be more or less," which caused rejection to said plea offer, which is likewise, fully developed on the record, which, if legally presented, [Petitioner would] have been amenable to;

(3)     The court erred when denying defense motion in limine, the third oral motion; noted to the admission of evidence in violation to discovery requisites of O.C.G.A. 17-16-4(a)(1); by violating O.C.G.A. 17-16-6; born by the State's failure to provide timely notice;

(4)     The trial court violated Guyton's 6th Amendment right of counsel, when it ignored his properly filed unequivical [sic] asserted motion for self-representation on appeal; causing structural error, requiring automatic reversal;

(5)     The trial courts, for a 2nd time, violated Guyton's 6th Amendment right to counsel, when it ignored numerous motions reasserting self-

representation, prior to the [motion for new trial] Order denying his [motion for new trial], causing a 2nd structural error, requiring reversal;

(6)    The Public Defender's Office engaged in known unlawful actions so as to violate Guyton's 6th Amendment right of counsel, & deprive him of his 6th Amendment right of counsel, and deprive him of his first appeal as of right when intentionally injecting itself as counsel, twice, without any lawful right to do so, becoming an act of malicious prosecution;[3]

(7)    The court erred in its failure to excuse the juror, who saw Mr. Guyton to be in shackles upon arrival, and was in custody, prejudicing the jury;

(8)    The court erred when it allowed "bad character evidence" to be introduced to the jury by over-ruling [the court's] prior order prohibiting the same, from testimony of prior incidents with the law;

(9)    Trial counsel was ineffective when he failed to enter into evidence, exculpatory evidence, which was tendered as Defense Exhibit #1 causing harm to the defense's strategy, being an intentional act of abandonment, resulting in harm & prejudice.[4]

(Doc. no. 14-11, pp. 54-55.)   The Georgia Court of Appeals rejected all of Petitioner's arguments and affirmed the judgment of conviction.  (Doc. no. 14-12, pp. 11-26, Guyton v. State, No. A19A1186 (Ga. Ct. App. Sept. 9, 2019) (*per curiam*), *cert. denied*, No. S20C0641 (Ga. June 29, 2020), *recons. denied*, No. S20C0641 (Ga. Aug. 10, 2020).)

In its unpublished opinion, the Georgia Court of Appeals provided the following description of the evidence at trial:

. . . [T]he record shows that Guyton and the victim had a romantic history.  After the two ended their relationship, the victim was at a gas station store when she saw Guyton.  The victim walked out of the store, and Guyton walked behind her, bear hugged her, picked her up, and began carrying her toward his car.  The victim testified that Guyton "physically moved me when he picked me up and took me to his car."  The victim did not initially feel threatened, but became concerned when Guyton attempted to put her in the front passenger seat of his

_____

[3] The Georgia Court of Appeals consolidated enumerated errors four and five for purposes of analysis.  See Guyton, No. A19A1186, at 20.

[4] The Georgia Court of Appeals noted Petitioner "failed to support this enumeration with any argument or citation to authorities" and deemed it abandoned.  See Guyton, No. A19A1186, at 25.

4

car. She refused, and Guyton told the victim that he was going to put her in the trunk of his car if she did not agree to go with him.  Guyton then proceeded to give her a "forceful push" in an attempt to get the victim down into the car, causing her earrings to come out.  After the victim and Guyton raised their voices, a witness approached them, causing both parties to leave the scene. When the victim left, she was very "upset and overwhelmed."

One witness testified that Guyton was "trying to take off with her and she didn't want—whatever was going on was against her will." He then called the police and reported the incident.  Another witness testified that Guyton "forcefully took [the victim] out to a darker part . . . of the store [parking lot]."

Id. at 11-12.

After the Georgia Court of Appeals affirmed Petitioner's judgment of conviction, in October 2019 Petitioner filed an Extraordinary Motion for a New Trial and a Motion Challenging Void Judgment in the Superior Court of Dodge County.  (Doc. no. 14-1, p. 2.); Oconee Circuit Docket Search, available at http://www.oconeecircuit.com/login (click "Criminal Search" hyperlink; search case number "14R-7733") (last visited Dec. 15, 2023) (documenting motions filed October 11 and 15, 2019); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of litigation).  These motions were denied on September 15, 2020.  (Doc. no. 14-1, p. 2.)

Petitioner next filed a *pro se* state habeas corpus petition on June 9, 2021, in the Jenkins County Superior Court.  (Doc. no. 14-1.)  After filing the petition, Petitioner retained counsel J. Thomas Howell, who filed supplemental briefing and represented Petitioner at an evidentiary hearing.  (Doc. no. 14-2, pp. 1-11 (supplemental briefing); doc. no. 14-7, pp. 1-39 (hearing transcript).) Petitioner raised the following claims in his state habeas proceedings:

(1)   Due Process and Equal Protection rights were violated because the trial court lacked jurisdiction and the elements of kidnapping were not proven;

(2) Due Process and Equal Protection rights were violated because the elements of false imprisonment were not proven;

(3) Trial counsel was ineffective for failing to admit exculpatory evidence tendered as Defense Exhibit #1, and instead admitted evidence tendered as Defense Exhibit #2;

(4) Due Process and Equal Protection rights were violated because the trial court admitted evidence presented after the close of discovery and denied Petitioner's motion in limine regarding the same;

(5) Due Process and Equal Protection rights were violated when the trial court allowed the admission of "bad character evidence," contrary to the court's prior order prohibiting such evidence;

(6) Due Process and Equal Protection rights were violated because the trial court lacked jurisdiction and the alleged victim never claimed to be held or moved against her will, so the elements of kidnapping were not proven;

(7) Due Process and Equal Protection rights were violated because the criminal case was not a case cognizable under the judicial powers of the court;

(8) Due Process and Equal Protection rights were violated where the prosecutors suborned perjury of the reporting witnesses;

(9) Due Process and Equal Protection rights were violated where the testimony of the alleged victim and the reporting witnesses did not demonstrate evidence of false imprisonment; and

(10) Trial counsel was ineffective for failing to inform Petitioner of the cause, nature, and source of the criminal prosecution.

(Doc. no. 14-3, pp. 3-13; see also doc. no. 41-1, pp. 5-8.)  The state habeas court conducted an evidentiary hearing on May 24, 2022, (doc. no. 14-7, pp. 1-39), and denied relief in a Final Order filed on August 18, 2022, (doc. no. 14-3).   The Georgia Supreme Court denied a certificate of probable cause to appeal ("CPC") without comment.  (Doc. no. 14-5, Guyton v. Adams, No. S23H0196 (Ga. June 21, 2023).)

Petitioner then timely filed the above-captioned § 2254 *pro se* petition, supporting

brief,[5] and a supplemental brief framed as a response to Respondent's Answer, raising the

following claims for relief:

(1)  "Trial court officers" violated Petitioner's rights to Due Process and
Equal Protection and lacked proper jurisdiction;

(2)  The government engaged in prosecutorial fraud, violating Petitioner's
rights to Due Process, Equal Protection, and rights under the Fourth
Amendment;

(3)  Petitioner's rights secured by the constitutional principles of Due
Process, Equal Protection, separation of powers, and the Bill of Rights
were violated;

(4)  Petitioner's judgment of convictions and sentencing are void under the
law;

(5)  Due Process and Equal Protection principles were violated because the
four factors of asportation were not proven in accordance with Garza v.
State, 284 Ga. 696, 670 S.E.2d 73 (2008), and thus his conviction for
kidnapping is void;

(6)  Due Process and Equal Protection principles were violated because the
elements of false imprisonment were not proven and thus his conviction
for false imprisonment is void;

(7)  Petitioner received ineffective assistance of counsel when trial counsel
failed to admit Defense Exhibit #1 as exculpatory evidence and, instead,
admitted Defense Exhibit #2, which harmed Petitioner's trial strategy;

(8)  Due Process and Equal Protection principles were violated when the trial
court allowed the admission of untimely filed, prejudicial evidence and
denied Petitioner's motion in limine regarding such evidence;

(9)  Due Process and Equal Protection principles were violated when the trial
court allowed the admission of prejudicial character evidence, contrary

---

[5] Petitioner requested extensions of time and pages for his brief, (doc. nos. 10-12), which were
granted in part on September 29, 2023, (doc. no. 15).  The Court subsequently received two briefs from
Petitioner.  (Doc. nos. 16, 18.)  The first, signed by Petitioner on September 25, 2023, did not comply with
the Court's later-provided instructions and the Court presumes Petitioner filed it out of an abundance of
caution while the Court considered his motions.  (See doc. no. 16.)  The second brief, dated October 13,
2023, did comply with the Court's September 29th Order.  (See doc. no. 18.)  The Court considers
Petitioner's second-filed brief the operative pleading in this case, (doc. no. 18), and disregards the earlier-
filed, noncompliant brief, (doc. no. 16).

to a prior Order from the Court prohibiting such evidence;

(10) The state habeas court erred by failing to review the "miscarriage of justice" argument raised by Petitioner;

(11) The state habeas court erred by misrepresenting the date Petitioner's conviction was affirmed on appeal; and

(12) Due Process and Equal Protection principles were violated when Petitioner did not receive the assistance of counsel guaranteed by the Sixth Amendment because counsel abandoned Petitioner, failed to admit exculpatory evidence, and failed to fully inform Petitioner of the nature, cause, and jurisdiction of the charges against him.

(See doc. nos. 1, 18, 21.)

Petitioner also filed a demand motion for release from custody, which raises the same arguments as his petition and supporting briefing.  (Doc. no. 9.)  As the substance of this motion is duplicative of the petition at issue, the Court **RECOMMENDS** Petitioner's demand motion for release from custody be **DENIED**.  (Id.)  Respondent argues federal relief should be denied on all claims because the federal claims are procedurally defaulted or because Petitioner's claims fail to state a claim upon which relief may be granted.  (See doc. no. 13.)

## III.   STANDARD OF REVIEW

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011).  Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citations omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result.  A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted).  Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is wrong; "even clear error will not suffice." White v. Woodall, 572 U.S. 415, 419 (2014).  Rather, the habeas petition must show the state court decision was "objectively unreasonable." Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see also Woods v. Donald, 575 U.S. 312, 316 (2015) (a petitioner must show the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").  A showing that the state court's determination was unreasonable is a substantially higher threshold than whether it was correct.

Reed v. Sec'y, Fla. Dep't of Corr., 767 F.3d 1252, 1260-61 (11th Cir. 2014); Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1325 (11th Cir. 2013).   In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 563 U.S. at 181.

Moreover, under AEDPA's highly deferential standard of review for state court factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d)(2). Additionally, § 2254(e)(1) requires the Court "to presume the correctness of state courts' factual findings" unless the habeas petitioner rebuts that presumption "with clear and convincing evidence." Nejad v. Att'y Gen., State of Ga., 830 F.3d 1280, 1289 (11th Cir. 2016) (citing Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007)); see also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review.").   "The Supreme Court has not yet defined § 2254(d)(2)'s precise relationship to § 2254(e)(1). . . .   Whatever that precise relationship may be, a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Tharpe v. Warden, 834 F.3d 1323, 1336 (11th Cir. 2016) (citing Wood v. Allen, 558 U.S. 290, 301 (2010)).

## IV.   DISCUSSION

### A.   Grounds One, Ten, Eleven, and, to the Extent It Asserts Ineffective Assistance by Petitioner's State Habeas Counsel, Ground Twelve, Do Not Support a Claim for Federal Habeas Corpus Relief

In Ground One, Petitioner argues "trial court officers" violated Petitioner's Due Process

and Equal Protection rights.   However, Petitioner names Judge Johnson – the judge in Petitioner's state habeas proceedings – in this claim, and states his rights were violated because the judge failed to address the merits of Petitioner's claims, instead rejecting his claims on procedural grounds.  (Doc. no. 1, p. 5.)  In discussing Ground One, Petitioner's briefing also discusses his state habeas proceedings.  (Doc. no. 18, pp. 6-8.)  Thus, despite Petitioner's reference to "trial court officers," the Court construes Ground One as challenging the state habeas court ruling.

Petitioner asserts in Ground Ten that the state habeas court failed to address Petitioner's miscarriage of justice claim presented by counsel in supplemental briefing and at the evidentiary hearing.  (Doc. no. 1, p. 21.)  In Ground Eleven, Petitioner argues the state habeas court erred by misrepresenting the date Petitioner's conviction was affirmed on appeal.  (Id. at 22.)  In Ground Twelve, Petitioner contends he was "abandoned" by state habeas counsel in violation of his Sixth Amendment right to counsel.   (Id. at 24.)   In briefing, Petitioner specifically alleges state habeas counsel was ineffective for failing to:  (1) argue for a miscarriage of justice claim due to Petitioner's actual innocence, (2) raise a claim of ineffective assistance of counsel by Petitioner's trial counsel, (3) adopt and argue Petitioner's claims in the state habeas proceedings, and (4) present various forms of evidence at the evidentiary hearing.  (Doc. no. 18, pp. 23-27.)

Respondent argues Grounds One, Ten, and Eleven fail to state a claim for federal habeas corpus relief because alleged infirmities in state collateral proceedings do not state a claim for federal habeas corpus relief.  (Doc. no. 13-1, pp. 4-5.)  Although Respondent argues Ground Twelve is defaulted in its entirety, (see doc. no. 13-1, p. 5-9), the Court finds the portions of Ground Twelve raising issues with Petitioner's state habeas counsel are not

defaulted because they could not have practically been raised earlier, but nonetheless fail to state a claim for federal habeas relief.

Regarding Grounds One, Ten, and Eleven, in the Eleventh Circuit, alleged errors regarding "state collateral proceedings do not provide a basis for habeas relief. The reasoning behind this well-established principle is straightforward:  a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment - i.e., the conviction itself-and thus habeas relief is not an appropriate remedy." Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir. 2009); see also Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."). Accordingly, Petitioner is not entitled to relief on Grounds One, Ten, and Eleven.

As to Ground Twelve, to the extent Petitioner raises ineffective assistance of counsel claims against Mr. Howell, his state habeas counsel, he fails to state a cognizable claim. A claim of ineffective assistance of habeas counsel provides no grounds for habeas relief in Georgia "because there is no federal or state constitutional right to appointment of counsel in a habeas corpus proceeding." Stephens v. Balkcom, 245 Ga. 492, 492, 265 S.E.2d 596, 597 (1980). Likewise, there is no "viable, freestanding claim" for ineffective assistance of habeas counsel at the federal level. Chavez v. Sec'y, Fla. Dep't of Corr., 742 F.3d 940, 944 (11th Cir. 2014); see 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); see also Shinn v. Ramirez, 596 U.S. 366, 368-69 (2022) ("[B]ecause there is no constitutional right to counsel in state postconviction

proceedings, a prisoner must ordinarily 'bea[r] responsibility' for all attorney errors during those proceedings, including responsibility for counsel's negligent failure to develop the state postconviction record." (quoting <u>Williams v. Taylor</u>, 529 U.S. 420, 432 (2000))). Accordingly, Petitioner is not entitled to relief on Ground Twelve to the extent he claims ineffective assistance of his state habeas counsel.

    **B.**    **Applying AEDPA Deference to the Ineffective Assistance of Counsel Claims in Grounds Seven and Twelve that Were Previously Rejected by the State Courts, Federal Habeas Relief Is Not Warranted**

        **1.**    **Under <u>Strickland v. Washington</u>, Petitioner Bears a Heavy Burden on Ineffective Assistance of Counsel Claims**

Ineffective assistance of counsel claims are subject to the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness."  <u>Strickland</u>, 466 U.S. at 688.  In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions."  <u>Hagins v. United States</u>, 267 F.3d 1202, 1204-05 (11th Cir. 2001).  "An attorney's actions need only fall within 'the wide range of professionally competent assistance' to pass constitutional muster," and "courts should not second-guess counsel's assistance" because "[e]ven the best criminal defense attorneys would not defend a particular client the same way."  <u>Philmore v McNeil</u>, 575 F.3d 1251, 1260 (11th Cir. 2009) (citations omitted).

Strategic decisions are entitled to a "heavy measure of deference."  <u>Strickland</u>, 466 U.S. at 691.  "[A] court should be highly deferential to those choices made by defense counsel in the conduct of a trial that are arguably dictated by a reasonable trial strategy."  <u>Devier v. Zant</u>, 3 F.3d 1445, 1450 (11th Cir. 1993).  "Which witnesses, if any, to call . . . is the epitome of a

strategic decision, and it is one that [the Court] will seldom, if ever, second guess." <u>Waters v. Thomas</u>, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).  Indeed, "strategic choices are 'virtually unchallengeable.'" <u>Provenzano v. Singletary</u>, 148 F.3d 1327, 1332 (11th Cir. 1998) (citing <u>Strickland</u>, 466 U.S. at 690 and <u>Waters</u>, 46 F.3d at 1522).  "[C]ounsel will not be deemed unconstitutionally deficient because of tactical decisions . . . , and [t]he presumption of reasonableness is even stronger when we are reviewing the performance of an experienced trial counsel." <u>Michael v. Crosby</u>, 430 F.3d 1310, 1320 (11th Cir. 2005) (internal citations omitted).

To show that an attorney's choice of strategy is unreasonable, a petitioner must show that no competent counsel would have made such a choice. <u>Strickland</u>, 466 U.S. at 690; <u>Adams v. Wainwright</u>, 709 F.2d 1443, 1445 (11th Cir. 1983) (*per curiam*) ("Even if in retrospect the strategy appears to have been wrong, the decision will be held ineffective only if it was so patently unreasonable that no competent attorney would have chosen it." (citations omitted)). The purpose of this review is not to grade counsel's performance because, of course, every lawyer "could have done something more or different. . . .  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*). <u>Strickland</u> requires application of a totality-of-the-circumstances standard because "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." <u>Khan v. United States</u>, 928 F.3d 1264, 1273 (11th Cir. 2019) (citation omitted).

"Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." <u>Fugate v. Head</u>,

261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted).  "The test has nothing to do with what the best lawyers would have done.  Nor is the test even what most good lawyers would have done.  We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ."  Ward v. Hall, 592 F.3d 1144, 1164 (11th Cir. 2010) (citing Waters, 46 F.3d at 1512).  "The reasonableness of counsel's performance is evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances . . . ."  Michael, 430 F.3d at 1319 (citations omitted).

As emphasized by the Eleventh Circuit:

[D]eferential review under Strickland does not ask whether counsel could possibly or ideally have been more effective.  "The test for ineffectiveness is not whether counsel could have done more."  We do not ask whether an attorney's representation "deviated from best practices or common custom," and we should resist the temptation to second-guess an attorney with the benefit of our hindsight.  Rather, Strickland asks only "whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." . . . We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . .  We are not interested in grading lawyers' performances.

Jenkins v. Comm'r, Ala. Dep't of Corr., 963 F.3d 1248, 1269-70 (11th Cir. 2020) (internal citations omitted), cert. denied, Jenkins v. Dunn, 141 S. Ct. 2635 (U.S. 2021).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013).  Under the prejudice prong of Strickland, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

As the Eleventh Circuit has ruled, a petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).   Indeed, the Court must examine the entirety of counsel's performance and the effect of such "in light of the record as a whole to determine whether it was reasonably probable that the outcome would have been different." Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989).

The Strickland test also applies to claims of ineffective assistance of appellate counsel, see Dell v. United States, 710 F.3d 1267, 1273 (11th Cir. 2013), with the additional consideration that a criminal defendant has no "constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751 (1983); see also Philmore, 575 F.3d at 1264 (explaining appellate counsel not required to raise every non-frivolous issue).   Appellate counsel is not ineffective for failing to raise claims 'reasonably considered to be without merit.'" United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (citation omitted).   Moreover, it is up to appellate counsel to winnow out weaker arguments, even if they may have merit, and select the most promising issues for review.   Jones, 463 U.S. at 751-52; Philmore, 575 F.3d at 1264.   Prejudice turns on whether

"the neglected claim would have a reasonable probability of success on appeal." Philmore, 575 F.3d at 1265 (citation omitted).

In the context of an ineffective assistance claim that was previously rejected by a state court, the petitioner bears the even heavier burden of "show[ing] that the [state courts] applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 699 (2002); see also Cave v. Sec'y for Dep't of Corr., 638 F.3d 739, 748 (11th Cir. 2011) (noting that, where the state court has previously adjudicated a claim on the merits, the petitioner "has the additional burden of demonstrating that the state court's application of this demanding standard was not merely wrong, but objectively unreasonable"). "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly." Bell, 535 U.S. at 699. "In short, an *unreasonable* application of federal law is different from an *incorrect* application of federal law." Barwick v. Sec'y, Fla. Dep't of Corr., 794 F.3d 1239, 1245 (11th Cir. 2015) (internal quotations and citations omitted).

"Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 562 U.S. at 105. Stated otherwise, federal habeas corpus relief is available on a Strickland claim "only if the state habeas court *unreasonably* determined that trial counsel performed reasonably - *i.e.*, where there is no possibility fairminded jurists could disagree that defense counsel acted outside the range of professionally competent assistance. . . ." Ledford v. Warden, Ga. Diagnostic Prison, 975 F.3d 1145, 1158 (11th Cir. 2020) (internal quotation

marks and citations omitted), *cert. denied*, 141 S. Ct. 2832 (U.S. 2021).  For Petitioner "to prevail, then, he would have to show that *no* reasonable jurist could find that his counsel's performance fell within the wide range of reasonable professional conduct." Raheem v. GDCP Warden, 995 F.3d 895, 909 (11th Cir. 2021).

"Surmounting Strickland's high bar is never an easy task." Richter, 562 U.S. at 105 (citing Padilla v. Kentucky, 559 U.S. 356, 371 (2010)).  Moreover, because "[t]he standards created by Strickland and § 2254(d) are both highly deferential, . . . when the two apply in tandem, review is doubly so." Richter, 562 U.S. at 105 (quotation marks and citations omitted); see also Yarborough v. Gentry, 540 U.S. 1, 4 (2003) (review of attorney performance is "highly deferential-and doubly deferential when it is conducted through the lens of federal habeas").  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment . . . .  [F]ederal courts are to afford both the state court and the defense attorney the benefit of the doubt." Woods v. Etherton, 578 U.S. 113, 117 (2016) (*per curiam*) (internal quotations and citations omitted).

To summarize, for Petitioner to obtain federal habeas relief, "[t]he state court decision must be so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair[-]minded disagreement." Id.  That is, if fairminded jurists could reach differing conclusions, this Court owes deference to the state court decision, and federal relief is not available. Shinn v. Kayer, 592 U.S. -, 141 S. Ct. 517, 525 (2020) (*per curiam*).  "Or, in more concrete terms, a federal court may grant relief only if *every* 'fairminded juris[t]' would agree that *every* reasonable lawyer would have made a different decision." Dunn v. Reeves, 594 U.S. -, 141 S. Ct. 2405, 2411 (2021) (*per curiam*) (emphasis in original) (citation omitted).  "The Strickland standard is a general one, so the

range of reasonable applications is substantial." <u>Richter</u>, 562 U.S. at 105; <u>see also</u> <u>Sexton v.</u>

<u>Beaudreaux</u>, 584 U.S. -, 138 S. Ct. 2555, 2560 (2018) ("[B]ecause the <u>Strickland</u> standard is a

general standard, a state court has even more latitude to reasonably determine that a defendant

has not satisfied that standard." (citation omitted)); <u>Woods</u>, 575 U.S. at 316 ("AEDPA's

standard is intentionally difficult to meet.").

> **2.    The State Court's Application of <u>Strickland</u> to Petitioner's Ineffective Assistance Claim in Ground Seven Was Not Objectively Unreasonable**

Petitioner argues in Ground Seven of his federal petition, as he did in his state petition,

that he received ineffective assistance of counsel because trial counsel Mr. Hart failed to admit

Defense Exhibit #1 as exculpatory evidence and, instead, admitted Defense Exhibit #2, which

harmed Petitioner's trial strategy.  (Doc. no. 1, p. 15; <u>see also</u> doc. no. 14-1, p. 5.)  The state

habeas court rejected Petitioner's ineffective assistance claim because it was procedurally

defaulted where the Georgia Court of Appeals deemed the claim abandoned in Petitioner's

direct appeal.  (<u>See</u> doc. no. 14-3, pp. 11-13.)  However, the state habeas court went on to

discuss the substance of the claim and concluded the claim did not sufficiently allege

ineffective assistance to establish cause and prejudice to overcome procedural default.  (<u>Id.</u>)

The Georgia Supreme Court denied the request for a CPC in a two-sentence order:

"Upon consideration of the application for certificate of probable cause to appeal the denial of

habeas corpus, it is ordered that it be hereby denied.  All the Justices concur, except McMillian,

J. disqualified."  (Doc. no. 14-5.)  Because the state supreme court decision did not come

accompanied with reasons, this Court "should 'look through' the unexplained decision to the

last related state-court decision that does provide a relevant rationale" when determining,

pursuant to 28 U.S.C. § 2254(d), whether the state court decision was reasonable.  <u>Wilson v.</u>

Sellers, 584 U.S. -, 138 S. Ct. 1188, 1192 (2018).  The Court is also guided by AEDPA's mandate that factual determinations made by a state court are presumptively correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  Tharpe, 834 F.3d at 1336.

Thus, the Court turns its attention to the state habeas court's reasoning, as it is the last state court to decide Petitioner's federal ineffective assistance of counsel claim in a reasoned opinion.  See Wilson, 138 S. Ct. at 1192.  As discussed below, the state habeas court correctly identified and applied the Strickland analysis to determine Petitioner did not show trial counsel's performance was deficient.

### a.      Background

Petitioner retained Mr. Hart to represent Petitioner at trial.  (Doc. no. 14-10, p. 37.)  At trial, on cross-examination of Courtney Broussard, the victim in Petitioner's criminal case, Mr. Hart presented Ms. Broussard with a document marked as Defendant's Exhibit Number 1 ("Exhibit One").  (Doc. no. 14-8, p. 61.)  Exhibit One represented a series of Facebook messages sent between Petitioner and Ms. Broussard, dated June 15, 2015.  (Id.)  Mr. Hart questioned Ms. Broussard about the exchange, and Ms. Broussard testified the exchange included a message from her to Petitioner, stating Petitioner did nothing to harm Ms. Broussard.  (Id.)  Ms. Broussard also testified she wasn't sure whether that message referred to the incident for which Petitioner was on trial or a different interaction between them, as they had other meetings between the time of the incident and the time of the Facebook message. (Id. at 61-62.)  Following this testimony, Mr. Hart did not move to admit Exhibit One.  (See id.)  Later on cross-examination of Ms. Broussard, Mr. Hart presented her with a document

marked as Defendant's Exhibit Number 2 ("Exhibit Two").  (Id. at 67.)  Exhibit Two was a record of a past false information charge Ms. Broussard pleaded guilty to on January 23, 2013. (Id.)  On redirect examination of Ms. Broussard, Mr. Hart initially moved to admit both Exhibits One and Two, but then corrected his statement and moved only to admit Exhibit Two. (Id. at 71.)  Exhibit Two was admitted without objection.  (Id. at 71-72.)

Petitioner raised this issue *pro se* in his direct appeal to the Georgia Court of Appeals. (Doc. no. 14-11, p. 55.)  However, Petitioner made no argument or citation to authority to support this claim in his direct appeal.  (See id. at 42-86; see also doc. no 14-12, pp. 2-9.) Thus, the Court of Appeals deemed Petitioner's claim of ineffective assistance regarding Mr. Hart's failure to admit Exhibit One into evidence abandoned.  (Doc. no. 14-12, p. 25.)  At the state habeas level, Petitioner initially raised this same claim *pro se* in his habeas corpus petition.  (Doc. no. 14-1, p. 5.)  However, Petitioner later retained counsel, Mr. Thomas Howell, to represent him in the state habeas proceedings, and Mr. Howell did not advance this ineffective assistance claim in the May 24, 2022, evidentiary hearing, nor in supplemental briefing.  (See doc. no. 14-2, pp. 1-11; doc. no. 14-7, pp. 1-39.)  Instead, Mr. Howell focused on advancing Petitioner's claim raised as the current Ground Nine, regarding the trial court's alleged error of allowing "bad character" evidence in violation of a prior order prohibiting the same.  (See doc. no. 14-2, pp. 1-11; doc. no. 14-7, pp. 1-39.)  Although Mr. Howell did not advance this claim regarding Exhibit One, the state habeas court specifically noted that no issues from Petitioner's habeas corpus petition had been waived and addressed all claims raised by Petitioner in the August 18, 2022 Final Order denying habeas corpus relief.  (Doc. no. 14-7, p. 36; see doc. no. 14-3.)  In that Order, the state habeas court found the claim procedurally defaulted, and also found Petitioner had not demonstrated cause and prejudice to overcome the

procedural default.  (Doc. no. 14-3, pp. 11-13.)

### b. Analysis

Petitioner argues Mr. Hart provided ineffective assistance at trial by not admitting Exhibit One as exculpatory evidence, instead admitting Exhibit Two.  (Doc. no. 1, p. 15.) Petitioner alleges the failure to admit Exhibit One "caus[ed] harm to the trial strategy of the Defense," (id.), and served to "deprive [Petitioner] of a meaningful defense," (doc. no. 18, p. 20.)  Although the state habeas court rejected this claim as procedurally defaulted, the state habeas court addressed the merits of Petitioner's ineffective assistance claim to determine whether the ineffective assistance alleged by Petitioner provided cause to excuse the procedural default.  (Doc. no. 14-3, pp. 11-13; see also id. at 5-6 (outlining analytical framework).)   In concluding Petitioner established no cause or prejudice to excuse the procedural default, the state habeas court determined there was no merit to the underlying ineffective assistance claim based on the failure to admit Exhibit One.  (Doc. no. 14-3, pp. 11-13.)  In fact, the state habeas court noted that Mr. Hart "used the exhibit to successfully refresh the witness' recollection, so any value from the admission of the exhibit would have been cumulative of her testimony."  (Id. at 12-13.)

Moreover, the state habeas court indicated in a footnote that Exhibit One may have been inadmissible as evidence under Georgia evidentiary rules.  (Id. at 13, n.4.)  Thus, the state habeas court found Petitioner's ineffective assistance claim failed to establish cause or prejudice under Strickland.  (Id. at 11-13.)  Petitioner fails to show error in the state habeas decision that was "well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Woods, 575 U.S. at 316.

In sum, the state court's decision to reject the ineffective assistance of appellate counsel claim currently raised as Ground Seven was not an unreasonable application of <u>Strickland</u> or based on an unreasonable determination of the facts in light of the evidence presented.  This claim provides no basis for federal habeas corpus relief.

### 3.   The State Courts' Application of <u>Strickland</u> to Petitioner's Ineffective Assistance Claims in Ground Twelve Was Not Objectively Unreasonable

#### a.   Background

In Ground Twelve of his federal petition, Petitioner argues he received ineffective assistance from his trial counsel, appellate counsel, and habeas counsel in violation of his Sixth Amendment right to counsel.  (Doc. no. 1, p. 24.)  In briefing, Petitioner details that trial counsel Mr. Hart failed to preserve errors for appeal and failed to advise Petitioner of the terms and conditions of the plea he was offered.  (Doc. no. 18, p. 9.)  As to appellate counsel, Petitioner asserts Mr. Key failed to file a Notice of Appeal, file a motion to withdraw as counsel, and represent Petitioner in the Court of Appeals proceedings.  Petitioner also detailed various claims of ineffective assistance of state habeas counsel described in Part III(A), *supra*.

The only claim now presented in Ground Twelve that Petitioner raised in his direct appeal was the claim Mr. Hart failed to sufficiently advise Petitioner of the terms and conditions of the plea he was offered prior to trial.  Petitioner did not raise this claim at the state habeas court.  As discussed above, because the state supreme court decision did not come accompanied with reasons, this Court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" when determining, pursuant to 28 U.S.C. § 2254(d), whether the state court decision was reasonable.  <u>Wilson</u>, 138 S. Ct. at 1192.  As such, the remaining discussion in this section will focus on the state court's

analysis of this portion of Ground Twelve, while the remaining allegations of Ground Twelve will be addressed *infra*.  As discussed below, the state court correctly identified and applied the <u>Strickland</u> analysis to determine Petitioner did not show trial counsel's performance was deficient as to the claim of ineffective assistance of counsel relating to the plea offer.

As he did in his direct appeal to the Georgia Supreme Court, Petitioner claims that Mr. Hart provided ineffective assistance by failing to properly advise Petitioner of the terms and conditions of the government's plea offer.  (Doc. no. 18, p. 28; <u>see also</u> doc. no. 14-12, pp. 15-18.)  Petitioner fails to show error in the Court of Appeals decision that was "well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Woods</u>, 575 U.S. at 316.

### b.    Analysis

As Petitioner notes, the plea offer was placed on the trial court record.  (Doc. no. 14-7, pp. 45-47.)  Mr. Hart documented on the record that the prosecutors offered, in exchange for Petitioner pleading guilty to the false imprisonment charge, to *nolle prosequi* the kidnapping, stalking, and battery charges.  (<u>Id.</u> at 45-46.)  Moreover, Mr. Hart noted the sentencing requests for the trial court's consideration would be, from the defense, "as low as straight probation," and from the prosecution, "as much as ten years to serve."  (<u>Id.</u> at 46.)  Mr. Hart further noted Petitioner "was communicated that offer and declined the same."  (<u>Id.</u>)  Petitioner affirmed, on the record, he understood the plea offer.  (<u>Id.</u>)

Under these circumstances,

[A] defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both,

> under the offer's terms would have been less severe than under the judgment
> and sentence that in fact were imposed.

Lafler v. Cooper, 566 U.S. 156, 164 (2012).  Petitioner's arguments for federal relief falter out of the gate because he failed, as in his direct appeal, to show he would have accepted the plea but for counsel's allegedly deficient advice.  (See doc. no. 14-12, p. 17.)

The appellate court applied Strickland and found Petitioner had "not shown that he would have accepted the State's plea offer, even assuming it had been explained to him adequately."  (Id. at 18.)  The court further explained Petitioner provided no evidence, either on direct appeal or during the proceedings for his motion for new trial, to suggest Petitioner would have accepted the plea offer.  (Id.)  Neither in the state proceedings, nor in these proceedings, has Petitioner explained, let alone established, he would have accepted the plea offer had it been fully explained to him.

In sum, Petitioner has identified nothing about Mr. Hart's advice regarding the plea offer that was deficient, nor has he demonstrated he would have accepted the plea but for Mr. Hart's deficient advice.  The record before the Court does not support Petitioner's ineffective assistance of trial counsel claims, let alone show error in the state habeas decision implicitly rejecting the claims that was "well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Woods, 575 U.S. at 316.  Thus, the state court's decision to reject Petitioner's claim that Mr. Hart provided ineffective assistance of counsel by failing to sufficiently advise Petitioner of the plea he was offered as described in Ground Twelve was not an unreasonable application of Strickland or based on an unreasonable determination of the facts in light of the evidence presented.

C.     **Petitioner's Procedural Default**

1.     **A Federal Habeas Petitioner Defaults a Claim by Failing to Properly Exhaust State Remedies**

AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss unexhausted habeas claims the petitioner did not raise in state court, but could have raised by any available procedure.  28 U.S.C. § 2254(b)(1)(A) & (c).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process.  As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845.  This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.  Id.  "Georgia's appeal process requires that a petitioner seek a certificate of probable cause to appeal to the Georgia Supreme Court; claims not raised in an application for a certificate of probable cause are considered unexhausted on subsequent federal habeas review.  Sealey v. Warden, Ga. Diagnostic Prison, 954 F.3d 1338, 1364 (11th Cir. 2020)

(citations omitted); see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*) (ruling a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies.").

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)).  The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-54 (11th Cir. 2012); Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).  Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005).

A federal habeas petitioner can run afoul of procedural default rules in one of two ways, depending on whether the claim is an old one the petitioner already attempted to assert unsuccessfully in state court, or a new one the petitioner never attempted to raise in state court. First, a federal habeas petitioner cannot revive an old claim that a state court previously denied on independent and adequate procedural grounds.  "As a general rule, a federal habeas court may not review state court decisions on federal claims that rest on state law grounds, including

procedural default grounds, that are 'independent and adequate' to support the judgment."

Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1335 (11th Cir. 2012).

A state court decision rests on "independent and adequate" state procedural grounds

when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly say that it is relying on state procedural rules to resolve the federal claim without reaching the merits of the claim. Second, the state court decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state procedural rule must be adequate; *i.e.,* it may not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for purposes of the procedural default doctrine. In other words, a state procedural rule cannot bar federal habeas review of a claim unless the rule is "firmly established and regularly followed."

Id. at 1336 (internal quotations and citations omitted). Additionally, the Supreme Court has

made clear that "a state procedural bar may count as an adequate and independent ground for

denying a federal habeas petition even if the state court had discretion to reach the merits

despite the default." Walker v. Martin, 562 U.S. 307, 311 (2011).

Second, a federal habeas petitioner runs afoul of procedural default rules when he

attempts to bring a new claim in his federal petition that would be procedurally barred if he

attempted to raise it in state court. In such instances, unless the petitioner either establishes

the cause and prejudice or the fundamental miscarriage of justice exception, the failure to bring

the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256

F.3d 1135, 1138-39 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court

"can forego the needless 'judicial ping-pong' and just treat those claims now barred by state

law as no basis for federal habeas relief." Smith v. Sec'y, Dep't of Corr., 572 F.3d 1327, 1342 (11th Cir. 2009) (citing Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998)); Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999). To determine whether a claim is procedurally barred in this way, the federal court must ask whether "it is clear from state law that any future attempts at exhaustion would be futile." See Bailey, 172 F.3d at 1305.

Simply put, if a claim has not been "fairly presented to the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006). To that end, absent a showing of either cause to excuse the default and actual prejudice or a fundamental miscarriage of justice, O.C.G.A. § 9-14-48(d) precludes state habeas review of any issue not preserved for collateral attack in a state court by timely objecting and raising the issue on appeal. See Devier, 3 F.3d at 1454-55 (citing O.C.G.A. § 9-14-48(d) and upholding a finding of procedural default on numerous claims); see also Waldrip v. Head, 620 S.E.2d 829, 835 (Ga. 2005) ("Claims not raised on direct appeal are barred by procedural default, and in order to surmount the bar to a defaulted claim, one must meet the 'cause and prejudice' test."); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."). In addition, Georgia law prohibits the assertion of state habeas claims in any successive petition that could have been asserted in the original state habeas petition. O.C.G.A. § 9-14-51; Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against

claims never presented in state court . . . .").

### 2.   Petitioner's Remaining Claims in Grounds Two Through Nine, as well as Ground Twelve, Are Procedurally Defaulted

In Ground Two, Petitioner argues the government engaged in prosecutorial fraud, violating Petitioner's rights to Due Process, Equal Protection, and rights under the Fourth Amendment.  (Doc. no. 1, p. 7.)  In Ground Three, Petitioner argues his rights secured by the constitutional principles of Due Process, Equal Protection, separation of powers, and the Bill of Rights were violated.  (Id. at 8.)  In Ground Twelve, Petitioner argues Due Process and Equal Protection principles were violated when Petitioner did not receive the assistance of counsel guaranteed by the Sixth Amendment because counsel abandoned Petitioner and failed to fully inform Petitioner of the nature, cause, and jurisdiction of the charges against him.  (Id. at 24.)  Respondent argues these three claims are defaulted because they are new claims not raised in state court.  (Doc. no. 13-1, pp. 5-9.)

In Ground Four, Petitioner asserts six reasons his judgments of conviction and sentencing at the trial court level are void under the Constitution:  (1) the case was not constitutionally cognizable under the judicial power; (2) the criminal jurisdiction of the trial court was statutory; (3)(a)[6] the criminal procedures of the trial court were statutory; (3)(b) Petitioner's counsel did not provide assistance contemplated by the Constitution; (4) the prosecutors lacked standing; (5) the indictment returned was inconsistent with the Constitution; and (6) the trial proceedings were inconsistent with the Constitution.  (Doc. no.

---

[6] Petitioner listed (3) twice in his petition when enumerating supporting facts for Ground Four. (Doc. no. 1, p. 10).  For ease of reference, the Court refers to the first (3) under Ground Four as (3)(a) and the second (3) under Ground Four as (3)(a).

1, p. 10.)  In Ground Five, Petitioner asserts two reasons his judgment of conviction is void and in violation of Due Process and Equal Protection:  (1) the four factors of asportation were not proven in accordance with <u>Garza</u>, 670 S.E.2d 73, and (2) the nature of jurisdiction of the trial court was void, which the prosecution did not inform Petitioner of.   (<u>Id.</u> at 12.)  Respondent argues portions of these claims – Grounds Four (2), Four (3)(a)-(6), and Five (2) – are defaulted because they are new claims not raised in state court.  (Doc. no. 13-1, pp. 5-9.)  Respondent argues the Court should defer to the state court's findings of default under state law as to the remaining portions of Grounds Four and Five – Grounds Four (1), Four (3)(b), and Five (1).  (Doc. no. 13-1, pp. 9-13.)

In Ground Six, Petitioner asserts Due Process and Equal Protection were violated because the elements of false imprisonment were not proven; specifically, there was no evidence the alleged victim was "arrested, confined, or detained."  (Doc. no. 1, p. 14.)  In Ground Seven, Petitioner asserts he received ineffective assistance of counsel when trial counsel failed to admit Defense Exhibit #1 as exculpatory evidence and, instead, admitted Defense Exhibit #2, which harmed Petitioner's trial strategy.  (<u>Id.</u> at 15.)  In Ground Eight, Petitioner asserts Due Process and Equal Protection principles were violated when the trial court allowed the admission of untimely filed, prejudicial evidence of a recorded jailhouse call and denied Petitioner's motion in limine regarding such evidence.  (<u>Id.</u> at 17.)  In Ground Nine, Petitioner asserts the trial court committed reversible error by allowing "bad character evidence" through the victim's testimony, contrary to a prior Order issued by the trial court prohibiting such evidence.  (<u>Id.</u> at 19.)  Respondent argues the Court should defer to the state

court's findings of default under state law as to these Grounds.

        **a.**    **Consideration of Grounds Six Through Nine, as well as Portions of Grounds Four and Five, Is Barred Because the State Court Finding the Claim Was Not Properly Preserved Is an Independent and Adequate State Ground for Denying Relief**

"[W]here . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits." Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); see also Wilson, 138 S. Ct. at 1193-94 (applying Ylst "look through" presumption when relevant state court decision on the merits does not come accompanied with statement of reasons). Thus, because the state supreme court decision on the CPC application was not accompanied by reasons for affirming the denial of state habeas relief, (doc. no. 14-5, Guyton v. Adams, No. S23H0196 (Ga. June 21, 2023)), this Court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." Wilson, 138 S. Ct. at 1192.

The state habeas court ruled the current Grounds Four (1) and Six were procedurally defaulted because they were not raised at trial or on direct appeal, and under Georgia law, that failure – absent a showing of cause and actual prejudice – bars consideration of the issue in habeas corpus. (Doc. no. 14-3, pp. 3-8 (citing Todd v. Turpin, 268 Ga. 820, 493 S.E.2d 900 (1997) and Black, 336 S.E.2d 754).) In Black, the Georgia Supreme Court ruled that failing to timely object "to *any* alleged error or deficiency or to pursue the same on appeal" usually precludes review in state habeas proceeding unless there is a "showing of adequate cause for failure to object or to pursue on appeal *and* a showing of actual prejudice." 336 S.E.2d at 755.

The court went on to reverse the grant of habeas corpus relief because the petitioner had not shown cause and prejudice for failing to raise the constitutional claims on appeal, and there had been no miscarriage of justice.  Id.

Here, the state habeas court applied Black, and determined Petitioner had not established cause and actual prejudice for failing to raise his issues in Grounds Four (1) and Six on direct appeal.  (Doc. no. 14-3, p. 5.)  Because Grounds Four (1) and Six were not timely raised in the underlying state court proceedings and were denied by the state court under state procedural default rules "firmly established and regularly followed," it is procedurally defaulted in these proceedings and provides no basis for federal habeas relief.  See Boyd, 697 F.3d at 1336; McNair, 416 F.3d at 1305; Smith, 256 F.3d at 1139.

The state habeas court found that the ineffective assistance of trial counsel claims now raised in Ground Twelve, alleging trial counsel was ineffective for failing to inform Petitioner of the cause, nature, and source of the criminal prosecution, were not timely raised after Petitioner changed counsel and were not raised on direct appeal, and therefore the claims were procedurally defaulted under O.C.G.A. § 9-14-48(d).  (Doc. no. 14-3, p. 9 (citing Todd, 268 Ga. 820, and White v. Kelso, 401 S.E.2d 733 (Ga. 1991).)  In White, the Georgia Supreme Court ruled ineffectiveness of prior counsel must be raised at the first practicable time, and absent a showing of cause and prejudice for doing so, such a claim is waived.  401 S.E.2d at 734.

The state habeas court applied White, determined these claims were procedurally defaulted, and concluded Petitioner had not established cause and prejudice to overcome the

bar to consideration of the merits of these claims.  (Doc. no. 15-2, pp. 3-5.)  Because these claims were not timely raised in the state court proceedings and were denied by the state court under state procedural default rules "firmly established and regularly followed," they are procedurally defaulted in these proceedings and provides no basis for federal habeas relief. See Boyd, 697 F.3d at 1336; Smith, 256 F.3d at 1139.

The state habeas court found the constitutional claims presented now as Grounds Five (1), Eight, and Nine were procedurally defaulted under O.C.G.A. § 9-14-48(d) because Petitioner raised these claims on direct appeal only under state law grounds.  (Doc. no. 14-3, pp. 9-10.)  Thus, Petitioner was procedurally defaulted from raising the constitutional claims at the state habeas court.  (Id.); see also Gaither v. Gibby, 475 S.E.2d 603, 604 (Ga. 1996).

Because the state court clearly relied on O.C.G.A. § 9-14-48(d) and applied it properly when finding these claims to be procedurally barred, the Court must defer to this ruling that was based on independent and adequate state law grounds.  See Boyd, 697 F.3d at 1336. Because Grounds Five (1), Eight, and Nine of the federal habeas petition were not timely raised in the state court proceedings and were denied by the state court under state procedural default rules "firmly established and regularly followed," they are procedurally defaulted in these proceedings and provide no basis for federal habeas relief.  See Boyd, 697 F.3d at 1336; Smith, 256 F.3d at 1139.

The state habeas court found the ineffective assistance claim regarding exculpatory evidence presented now as Ground Seven was procedurally defaulted under O.C.G.A. § 9-14-48(d), as the claim was raised but deemed abandoned on direct appeal and concluded Petitioner

had not established cause and prejudice to overcome the bar to consideration of the merits of these claims. (Doc. no. 14-3, pp. 11-13.) Thus, Petitioner was procedurally defaulted from raising the constitutional claims at the state habeas court. (Id.); see also Gaither, 475 S.E.2d at 604.

Because the state court clearly relied on O.C.G.A. § 9-14-48(d) and applied it properly when finding these claims to be procedurally barred, the Court must defer to this ruling that was based on independent and adequate state law grounds. See Boyd, 697 F.3d at 1336. Because Ground Seven of the federal habeas petition was not timely raised in the state court proceedings and was denied by the state court under state procedural default rules "firmly established and regularly followed," it is procedurally defaulted in these proceedings and provides no basis for federal habeas relief. See id.; Smith, 256 F.3d at 1139.

> **b.    Consideration of Grounds Two and Three, as well as Portions of Grounds Four, Five, and Twelve, Is Barred Because They Are New Claims that Were Not Raised in State Court**

Grounds Two, Three, Four (2), Four (3)(a), Four (4), Four (5), Four (6), Five (2), and portions of Ground Twelve not discussed above are new claims which were not raised in the state courts. The portions of Ground Twelve not raised in the state courts are all allegations of ineffective assistance against appellate counsel Mr. Key, as well as allegations that trial counsel Mr. Hart was ineffective by failing to move for a mistrial and failing to object to the trial court's admission of a jailhouse call on hearsay grounds. Respondent argues these claims are therefore procedurally defaulted because they would be deemed successive if raised on a second state collateral attack. (Doc. no. 13-1, pp. 5-9.)

Although Petitioner raised multiple claims in his direct appeal and state habeas petition, none of these issues were included.  (See doc. no. 14-1, pp. 5-8; doc. no. 14-3, pp. 2-3.)  As discussed above, Georgia law prohibits the assertion of state habeas claims in any successive petition that could have been asserted in the original state habeas petition, and that law "can and should be enforced in federal habeas proceedings against claims never presented in state court."  Chambers, 150 F.3d at 1327 (citing O.C.G.A. § 9-14-51).  Accordingly, Petitioner's Grounds Two, Three, Four (2), Four (3)(a), Four (4), Four (5), Four (6), Five (2), and portions of Ground Twelve are new, could have been presented in the state courts, and therefore are now procedurally defaulted.  See O.C.G.A. § 9-14-51; Chambers, 150 F.3d at 1327.

> **3.     Petitioner Cannot Satisfy the Cause and Prejudice Standard to Justify Federal Review of Any of His Procedurally Defaulted Claims, and the Miscarriage of Justice Exception Does Not Apply**

"A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default."  Jones, 436 F.3d at 1304 (citing Wainwright v. Sykes, 433 U.S. 72, 97 (1977)).  "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule."  Maples v. Thomas, 565 U.S. 266, 280 (2012) (internal quotation marks omitted).  "Once cause is proved, a petitioner also must prove prejudice.  He must show 'not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"  Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152,

170 (1982)).  For example, procedural default does not preclude federal habeas review when

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 569 U.S. 413, 423 (2013); Martinez v. Ryan, 566 U.S. 1, 13-14, 16-17 (2012).

Petitioner has presented no valid justification for failing to raise his defaulted claims at the proper time in his state proceedings, let alone something external to him that cannot be fairly attributed to him.  Although ineffective assistance of counsel may demonstrate cause, see Nyhuis, 211 F.3d at 1344, as explained herein, Petitioner has no valid ineffective assistance of counsel claims.

As to the procedurally barred claims of ineffective assistance against trial counsel, Petitioner claims Mr. Hart was ineffective because he failed to move for a mistrial and failed to object to the trial court's admission of a jailhouse call on hearsay grounds.  Although there was discussion about Mr. Hart's failure to move for a mistrial at the state habeas evidentiary hearing, even Petitioner's state habeas counsel noted, "the way that [he] looked at the case law," Mr. Hart's failure to move for a mistrial was not ineffective assistance of counsel.  (Doc. no. 14-7, pp. 13-14.)  Moreover, the state habeas court judge noted during the evidentiary hearing noted he "d[idn't] know why he didn't move for a mistrial," (id. at 35), and yet found no basis for relief on Petitioner's claim, (see doc. no. 14-3).  As to Mr. Hart's failure to object

to the court's admission of the jailhouse call, Petitioner raised this issue in his direct appeal, albeit not in the context of ineffective assistance of counsel.  Instead, Petitioner claimed only "that the trial court erred in admitting evidence of a jailhouse call."  (Doc. no. 14-12, p. 18.) Although ineffective assistance was not part of the claim at the time, the Georgia Court of Appeals decision notes Mr. Hart "made an oral motion in limine to exclude the call" which the trial court denied, and then "the State admitted a recording of a conversation" "[o]ver [Petitioner]'s renewed objection."  (Id.)  Thus, although Petitioner now claims Mr. Hart rendered ineffective assistance by failing to object, the record demonstrates that Mr. Hart did object repeatedly to the admission of this evidence.  (See id.; doc. no. 14-7, pp. 80-94; doc. no. 14-8, p. 85.)

As discussed in detail in Part III(B)(1), strategic decisions are entitled to a heavy measure of deference.  Strickland, 466 U.S. at 691.  Even assuming Mr. Hart had not objected to the admission of the jailhouse call, as Petitioner now alleges, counsel may have a reasonable strategic reason for not making a potentially valid objection.  See Walls v. Buss, 658 F.3d 1274, 1279 (11th Cir. 2011).  Furthermore, "the decision to refrain from asking the court for a mistrial is a tactical decision entrusted to defense counsel."  United States v. Burke, 257 F.3d 1321, 1324 (11th Cir. 2001).  As the Eleventh Circuit recognized, "The failure to make every valid objection . . . will not necessarily take counsel's performance 'outside the wide range of professionally competent assistance,' which is the scope of permissible performance." Brewster v. Hetzel, 913 F.3d 1042, 1057 (11th Cir. 2019).  Moreover, counsel's performance is not judged in hindsight.  Waters, 46 F.3d at 1514 ("The widespread use of the tactic of

attacking trial counsel by showing what might have been proves that nothing is clearer than hindsight – except perhaps the rule that we will not judge trial counsel's performance through hindsight."). As Mr. Hart did object to the admission of the jailhouse call, he did not render ineffective assistance as Petitioner alleges. Further, Mr. Hart not moving for a mistrial falls within "the wide range of professionally competent assistance [passing] constitutional muster." Philmore, 575 F.3d at 1260. As Mr. Hart's performance on these points was not outside the realm of what any competent counsel would have done, and a court should not second guess trial strategy, Chandler, 218 F.3d at 1314, the two-pronged Strickland test cannot be met.

Because the Court concludes there is no valid underlying ineffective assistance of trial counsel claim, and appellate counsel cannot be ineffective for failing to raise a meritless claim, see Nyhuis, 211 F.3d at 1344, Petitioner has not established cause to excuse his default of these claims. Petitioner makes no argument other than ineffective assistance to show cause for his failure to raise these claims of ineffective assistance of trial counsel as argued in these federal proceedings concerning the objections to the trial court's admission of the jailhouse call and Mr. Hart's failure to move for a mistrial. As a petitioner must show cause *and* prejudice for failing to raise the claims, his failure to satisfy the cause prong is fatal to his claims of ineffective assistance of trial counsel.

Likewise, as to his claims against appellate counsel Mr. Key, Petitioner has not established cause to excuse his default of these claims because he has not shown ineffective assistance of counsel at the appellate level. Petitioner claims Mr. Key was ineffective because

he failed to file a motion for appeal, failed to file a motion to withdraw as counsel, and failed to represent Petitioner at the appeals court.  (Doc. no. 18, p. 27.)  Though not with precise exactitude, the record demonstrates Mr. Key represented Petitioner for some portions of the motion for new trial phase and portions of his direct appeal, but Petitioner ultimately proceeded *pro se* in his direct appeal.  (See doc. no. 14-2, p. 8; doc. no. 14-9, p. 94 (Notice of Appeal filed by attorney); doc. no. 14-9, p. 96 (*pro se* Notice of Appeal); doc. no. 14-10, p. 60 (entry of appearance for Mr. Key); doc. no. 14-10, pp. 67-69, 73-75, 81-82 (three amended motions for new trial filed by Mr. Key); doc. no. 14-10, pp. 84-85 (Petitioner's motion for self-representation on appeal); doc. no. 14-10, p. 87 (Mr. Key representing Petitioner at motion for new trial hearing); doc. no. 14-11, pp. 42-87 (*pro se* direct appeal brief); doc. no. 14-12, pp. 2-9 (*pro se* direct appeal reply brief).)  Moreover, the Court of Appeals opinion reflects Mr. Key and Petitioner at times filed documents duplicative of what the other filed.  (Doc. no. 14-12, pp. 20-22 & n.2.)

First, Petitioner's claim that Mr. Key failed to file a notice of appeal is contradicted by the record, as the Court of Appeals opinion notes both Petitioner and "[a]ppellate counsel also filed a timely notice of appeal."  (Doc. no. 14-12, p. 21.)  As Petitioner plead no facts supporting his claim that Mr. Key filed to file a notice of appeal, Petitioner cannot establish deficient performance to satisfy Strickland's first prong.  Moreover, even if appellate counsel failed to file a notice of appeal, Petitioner is unable to demonstrate prejudice to satisfy Strickland's second prong, because the Court of Appeals deemed both Notices of Appeal timely and proceeded to issue a reasoned opinion on Petitioner's direct appeal.  (See doc. no.

14-12, pp. 11-26.)

Second, Petitioner's claim of ineffective assistance on the basis that Mr. Key also failed to file a motion to withdraw as his attorney likewise fails because Petitioner cannot demonstrate prejudice.  The Court of Appeals allowed Petitioner to proceed *pro se*, noting Petitioner "is representing himself and he filed a pro se brief."  (Id. at 21.)  Assuming Mr. Key failed to file a motion to withdraw as Petitioner's attorney in light of Petitioner "clearly and unequivocally declar[ing] . . . that he wanted to represent himself and did not want counsel," Faretta v. Cal., 422 U.S. 806, 835 (1975), because the Court of Appeals permitted Petitioner to proceed *pro se* nonetheless, Petitioner is unable to demonstrate how he was prejudiced by Mr. Key's failure to file a motion to withdraw.  Thus, Petitioner is unable to demonstrate prejudice to satisfy Strickland's second prong.

Third, Petitioner's claim that Mr. Key failed to represent Petitioner at the appeals court also fails to establish ineffective assistance of counsel in light of the record.  The record implicitly and explicitly demonstrates Petitioner intended to represent himself on appeal.  In fact, one of his claims on direct appeal was that the trial court ignored his motions for self-representation.  (Doc. no. 14-12, p. 20.)  Although the Court of Appeals found this ground meritless, it also noted, as discussed above, Petitioner was representing himself on appeal. (Id.)  This is further supported by Petitioner's various *pro se* filings in his direct appeal, as well as his motion for self-representation on appeal, where Petitioner "places before this Court his Unequivocal Assertion to be extended his 6th Amendment Right to be allowed to Represent Himself on Appeal and on direct appeal of his conviction."  (Doc. no. 14-10, pp. 84-85.)  In

41

light of this record evidence, "Petitioner cannot now claim ineffective assistance of trial counsel when he 'knowingly and intelligently' waived his right to be represented." Duncan v. Sec'y, Fla. Dep't of Corr., No. 3:18-CV-2099, 2021 WL 4464431, at *8 (N.D. Fla. Aug. 20, 2021), *report and recommendation adopted sub nom.* Duncan v. Inch, No. 3:18-CV-2099, 2021 WL 4465996 (N.D. Fla. Sept. 29, 2021), because "a defendant's exercise of the right to self-representation necessarily involves the waiver of the right to be represented by a trained attorney," Fitzpatrick v. Wainwright, 800 F.2d 1057, 1064 (11th Cir. 1986).  See also Brown v. Wainwright, 665 F.2d 607, 610 (5th Cir. 1982) ("The right of self-representation entails a waiver of the right to counsel, since a defendant obviously cannot enjoy both rights.").  Thus, Petitioner cannot claim Mr. Key was ineffective for failing to represent him on direct appeal when Petitioner elected to represent himself in those proceedings and was permitted to do so by the Court of Appeals.  Petitioner's claims regarding Mr. Key's representation do not establish cause to excuse his default as to these claims.

Because the Court concludes there is no valid underlying ineffective assistance of appellate counsel claim, Petitioner has not established cause to excuse his default of these claims.  Petitioner makes no argument other than ineffective assistance to show cause for his failure to raise these claims of ineffective assistance of appellate counsel as argued in these federal proceedings.  As a petitioner must show cause *and* prejudice for failing to raise the claims, his failure to satisfy the cause prong is fatal to his claims of ineffective assistance of appellate counsel.

"Additionally, in extraordinary cases, a federal court may grant a habeas petition without

42

a showing of cause and prejudice to correct a fundamental miscarriage of justice." <u>Jones</u>, 436 F.3d at 1304 (citing <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986)).   The narrow fundamental miscarriage of justice exception encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime.   <u>Murray</u>, 477 U.S. at 496; <u>see also</u> <u>Johnson</u>, 256 F.3d at 1171 ("This exception is exceedingly narrow in scope, as it concerns a petition's 'actual' innocence rather than his 'legal' innocence.").   In <u>McQuiggin v. Perkins</u>, the Supreme Court held that this exception survived AEDPA's passage but "applies to a severely confined category:  cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]."  569 U.S. 383, 395 (2013) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995)). Petitioner offers no new evidence to suggest, let alone plausibly establish, that he is factually innocent of the crimes of which he was convicted.   Even if he had offered any new evidence, the bulk of Petitioner's arguments are based on legal theories of alleged error.   Accordingly, all claims in Grounds Two through Nine, as well as portions of Ground Twelve, have been defaulted and provide no basis for federal habeas relief.

### D.   Petitioner Is Not Entitled to Relief on Ground Four (3)(b) Because Conclusory Claims Unsupported by Specific Factual Detail Form No Basis for Relief

In his federal petition, (doc. no. 1), Petitioner raised Ground Four (3)(b), an ineffective assistance of counsel claim, but did not address this particular claim elsewhere in briefing. (<u>See</u> doc. nos. 18, 21.)   The Court has addressed all of the arguably well-pled ineffective assistance claims above, and the remaining claim in Ground Four (3)(b) forms no basis for

federal habeas relief.

In Ground Four (3)(b), Petitioner makes the sweeping statement his "counsel was not that assisting counsel contemplated by Constitutions." (Doc. no. 1, p. 10.) The Rules Governing § 2254 Cases require "fact pleading" as opposed to "notice pleading" as is required under Fed. R. Civ. P. 8(a). Borden v. Allen, 646 F.3d 785, 810 (11th Cir. 2011); see also Frazier v. Bouchard, 661 F.3d 519, 527 (11th Cir. 2011) (recognizing federal habeas petitioners must fact plead their claims to satisfy heightened pleading requirements.)

> To properly fact plead, a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review. Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.

Arrington v. Warden, GDCP, No. CV 117-022, 2017 WL 4079405, at *2 (S.D. Ga. Sept. 14, 2017) (internal quotation marks and citations omitted) (Hall, C.J.).

To the extent Petitioner follows his general statement with fact-specific alleged errors, as he did regarding his ineffective assistance claims in Grounds Seven and Twelve, those claims have been specifically addressed *supra*. However, a sweeping and conclusory statement will not suffice to raise an additional, all-encompassing claim. Respondent argues Ground Four (3)(b) is procedurally defaulted along with Ground Seven, (doc. no. 13-1, pp. 10-11 & n.6), but the Court finds Ground Four (3)(b) broader than those claims raised in the state proceedings. To the extent Ground Four (3)(b) addresses claims beyond the ineffective assistance claims raised in Grounds Seven and Twelve, Petitioner provides no additional information and does not mention such a claim at all in briefing. (See doc. nos. 18, 21.) This

conclusory claim, unsupported by specific facts, does not form the basis for federal habeas corpus relief.

## V.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DENIED**, his motion for appointment of counsel be **DENIED**, (doc. no. 17), his motion for release from custody be **DENIED**, (doc. no. 9), this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 3rd day of January, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA