IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| JONATHAN GUYTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 323-054 |
| | ) | |
| TYRONE OLIVER, Commissioner, | ) | |
| Georgia Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Plaintiff, imprisoned at Jenkins Correctional Facility in Millen, Georgia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 3, 2024, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending denial of Petitioner's § 2254 petition, motion for appointment of counsel, and motion for release from custody. (Doc. no. 22.) The Court also instructed Plaintiff any objections to the R&R had to be filed no later than January 22, 2024. (Doc. no. 23.) Having received no objections to the R&R by the deadline, the Court adopted the R&R as its opinion on February 1, 2024. (Doc. no. 24.)

On February 12, 2024, the Court received Plaintiff's objections, which Plaintiff signed on February 9, 2024. (Doc. no. 26.) Although Plaintiff provides no explanation for the untimeliness of his objections, in an abundance of caution, the Court will address Plaintiff's objections to the R&R. Thus, the Court **VACATES** the adoption order entered on February 1, 2024. (Doc. no. 24.)

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's R&R, to which objections have been filed. (Doc. no. 26.) The Court finds Plaintiff's objections

unavailing. Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** the instant petition, brought pursuant to 28 U.S.C. § 2254, **DENIES** the motion for appointment of counsel, (doc. no. 17), and **DENIES** the motion for release from custody, (doc. no. 9).

Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter a final judgment in favor of Respondent.

SO ORDERED this ___15th___ day of February, 2024, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.